**KENTUCKY RETIREMENT SYS-
TEMS, Board of Trustees,
Appellants,**

v.

**H. Dennis HALFHILL, Appellee.**

No. 2003–SC–0771–DG.

Supreme Court of Kentucky.

Sept. 22, 2005.

Lisabeth Ann Tulley, James D. Allen, Stoll, Keenon & Park, LLP, Lexington, J. Eric Wampler, Kentucky Retirement Systems, Perimeter Park West, Frankfort, Counsel for Appellant.

Stephen D. Wolnitzek, Donna Michelle Bloemer, Wolnitzek, Rowekamp & Bonar PSC, Covington, Counsel for Appellee.

Opinion of the Court by Justice GRAVES.

Appellee, H. Dennis Halfhill, a deputy sheriff with the Kenton County Sheriff's Office, sought and was denied disability retirement benefits [1] after he was injured in an automobile accident in the course of his employment. A former Kentucky Administrative Regulation barred disabled

1. See KRS 16.582.

state employees from being eligible for disability retirement benefits if they were independently eligible for unreduced normal retirement benefits.[2] It mandated that the employee accept the "non-disability" normal retirement benefits in lieu of claiming disability retirement.

Halfhill filed suit against the system's administrator, Kentucky Retirement Systems, Board of Trustees ("Kentucky Retirement"), contending that 105 KAR 1:205, the former regulation which dictated this result, discriminated based on age and violated KRS 344.040, Kentucky's version of the Age Discrimination in Employment Act (ADEA). The trial court found the regulation to be valid, but the Court of Appeals reversed and declared the regulation a violation of KRS 344.040. Kentucky Retirement sought review in this Court and we granted discretionary review. For the reasons set forth herein, we reverse the Court of Appeals and reinstate the trial court's judgment in favor of Kentucky Retirement.

The Court of Appeals held that 105 KAR 1:205 violated KRS 344.040. As the appellate court noted, the regulation was subsequently repealed and its language was codified into statutory law in 2000.[3] However, at the time of Halfhill's claim, the regulation was not yet codified and the Court of Appeals determined that it conflicted with KRS 344.040, the statute prohibiting age discrimination. Consequently, it held that the regulation could not stand.

The regulation stated in pertinent part:

A member of the Kentucky Employees Retirement System, County Employees Retirement System or State Police Retirement System, who is eligible for a retirement allowance not subject to the reductions specified in KRS 16.577 or KRS 61.595(2)(a), as of the last day of paid employment, shall not be eligible to apply for disability retirement under KRS 16.582 or KRS 61.600.

KRS 16.576 provides in relevant part:

Any member with at least five (5) years of service credit may retire at his normal retirement date, or subsequent thereto, upon written notification to the system, setting forth at what time the retirement is to become effective, if the effective date shall be after his last day of service and subsequent to the filing of the notice at the retirement office.

And finally, KRS 16.505(15) defined "normal retirement date" as:

[T]he first day of the month following a member's fifty-fifth birthday, except that for members over age fifty-five (55) on July 1, 1958, it shall mean January 1, 1959. A member of the State Police Retirement System, a member of the County Employees Retirement System or a member of the Kentucky Employees Retirement System covered by this section with twenty (20) or more years of service credit, at least fifteen (15) of which are current may declare his "normal retirement date" to be some date prior to his fifty-fifth birthday.

Halfhill was fifty-seven years old and had ninety-four months of service credit when he applied for disability retirement benefits. Thus, under the above statutes, he was eligible for unreduced normal retirement benefits. Pointing out that he would have been eligible for disability re-

2. *See* KRS 16.576. These are the benefits a non-disabled state employee would receive upon retirement based on the employee's years of service and final compensation.

3. *See* KRS 16.582 *et seq.* The statutory scheme regulating the Kentucky Employment Retirement System has been amended significantly subsequent to Halfhill's suit. We will refer to each statute as it existed at that time.

tirement benefits had he been fifty-four years old with the same amount of service credit, he alleges that he was disparately treated solely because of his age.

KRS 344.040 prohibits employers from discriminating against an employee "with respect to compensation, terms, conditions, or privileges of employment, because of the individual's ... age forty (40) and over." It also prohibits employers from limiting, segregating or classifying employees in any way which would tend to create a deprivation of employment opportunities or adversely affect the individual's status as an employee, *inter alia*, because of age. The general purpose of KRS 344.040 is to execute the policies embodied in its federal counterpart, the Federal Age Discrimination in Employment Act of 1967 ("Federal ADEA").[4] Consequently, we look to federal precedent for guidance.

■ Most notable to this case is the fact that Halfhill asserts a claim of age discrimination based solely on a disparate treatment theory.[5] "In a disparate treatment case, liability depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision."[6] "When the employer's decision is wholly motivated by factors other than age, the problem of inaccurate and stigmatizing stereotypes disappears. This is true even if the motivating factor is correlated with age."[7]

In the instant case, Kentucky Retirement administers the state retirement plan which distributes disability retirement benefits as well as normal retirement benefits.[8] These two types of benefits are drawn from the same retirement fund and are mutually exclusive.[9] Thus, the former regulation simply established that when an employee was eligible for one type of benefit, he would not be eligible for the other. The necessity, function, and conformity section of the regulation provided the following explanation: "Because the enhanced benefits provided under disability retirement are intended to bridge the gap between the date the member becomes disabled and the date the member would have been eligible for a [normal retirement] benefit without reduction, this administrative regulation establishes that members who are eligible for retirement without a reduction, regardless of age, shall not be entitled to disability retirement."[10] In other words, Kentucky Retirement contends that disability retirement benefits are barred for those who have access to unreduced normal retirement benefits because the purpose of disability retirement is to provide a permanent source of income to those who *would not otherwise have retirement income* due to the fact that they became disabled before they had an opportunity to accumulate retirement benefits.

---

4. *See* KRS 344.020.

5. *See Hazen Paper Company v. Biggins*, 507 U.S. 604, 609, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993) ("We long have distinguished between 'disparate treatment' and 'disparate impact' theories of employment discrimination.")

6. *Id.* at 610, 113 S.Ct. 1701 (citing *United States Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252–256,

101 S.Ct. 1089, 1093–1095, 67 L.Ed.2d 207 (1981); *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 576–578, 98 S.Ct. 2943, 2949–2950, 57 L.Ed.2d 957 (1978)).

7. *Id.* at 611, 113 S.Ct. 1701.

8. *See* KRS 16.510 *et. al.*, KRS 61.515 *et. al,* KRS 78.520 *et. al.*

9. *See Id.*

10. 105 KAR 1:205 (repealed 2000).

The trial court found that the explanation provided above was legitimate and that Halfhill failed to show any discriminatory motive whatsoever on the part of Kentucky Retirement when it enacted the above regulation. The Court of Appeals reversed the trial court, finding that Kentucky Retirement had effectively admitted discriminatory motive in the introductory annotations to the regulation.[11] The Court of Appeals explained that prior to the enactment of the regulation at issue, KRS 16.582 provided that applicants were not eligible to receive disability retirement benefits unless they were "less than normal retirement age."[12] The Equal Employment Opportunity Commission ("EEOC") challenged the statutory scheme as being based solely on age (and thus, in violation of the Federal ADEA).[13] In response, that portion of KRS 16.582 was amended[14] and the regulation currently in dispute was issued as a "corrective" measure.[15]

As explained by the Court of Appeals, the "corrective" measures in the regulation did two things: (1) it allowed applicants who had been denied benefits in the past to reapply for benefits without application of the previous "age restriction," and (2) it replaced the age restriction language ("less than normal retirement age") with language barring disability retirement eligibility to all applicants who are independently eligible for "an unreduced normal retirement allowance."[16] Applicants who were eligible for an unreduced normal retirement allowance included all those who were greater than normal retirement age (over age fifty-five) *and* all those who had twenty (20) years of service or more.[17] Thus, the pool of applicants who were barred from seeking disability retirement benefits was *enlarged*, not reduced by the "corrective" regulation.

■ With this background in mind, the Court of Appeals framed the pivotal question in this case as follows: "whether expanding the pool of excluded claimants from only those over normal retirement age to include those who have served 20 years transforms the exclusion from one 'based solely on ... age' into something more acceptable."[18] We find the Court of Appeal's framing of this issue along with the underlying assumptions associated with it to be misplaced. It is unreasonable to presume or to construe a discriminatory motive from the mere fact that a regulation was issued as a "corrective" measure or in response to a challenge levied by the EEOC. Not only would such a strict construction discourage the taking of such "corrective" or "precautionary" measures in the future, but it would unfairly presume that all such "precautionary" or "corrective" measures are taken only when the issuing agency had a discriminatory motive in the first place. We believe closer scrutiny is required since there are a variety of legitimate reasons why an agency might issue such a "corrective" regulation.[19]

11. *Halfhill v. Kentucky Retirement Systems,* 2003 WL 21419587, *2 (Ky.App.2003).

12. *Id.* The "normal retirement age" was defined as fifty-five years.

13. *Id.*

14. The amended statute now provides that applicants employed prior to August 1, 2004, may not receive disability retirement benefits if they are "eligible for an unreduced retirement allowance." KRS 16.582(2)(b).

15. *Halfhill, supra,* at *2.

16. *Id.*

17. *Id.*

18. *Id.*

19. Such corrective regulations may be issued to avoid potential or perceived conflict, to clarify potentially confusing language, or to reduce the likelihood of disparate impact upon a protected class.

Furthermore, a careful reading of the introductory annotations to the regulation at issue actually belies the presumption of a discriminatory motive by Kentucky Retirement:

NECESSITY, FUNCTION, AND CONFORMITY: KRS 16.582 and KRS 61.600 provide for long-term disability benefits for members of the Kentucky Employees Retirement System, County Employees Retirement System and the State Police Retirement System. 29 USC 623(i)(1)(A) and 29 CFR 1625.10(f)(ii) prohibit a pension system from limiting long-term disability benefits solely on the basis of age. KRS 61.645(9)(f) provides that the provisions governing the Kentucky Employees Retirement System, County Employees Retirement System and the State Police Retirement System shall conform to federal law. *Because the enhanced benefits provided under disability retirement are intended to bridge the gap between the date the member becomes disabled and the date the member would have been eligible for a benefit without reduction, this administrative regulation establishes that members who are eligible for retirement without a reduction, regardless of age, shall not be entitled to disability retirement.*

(emphasis added). We find such a statement to be an express rejection of discriminatory intent, with the "corrective" measures being imposed as a means of clarifying and endorsing a non-discriminatory scheme. Without further evidence establishing that the above stated intent is somehow irrational or is otherwise clearly a pretext for age discrimination based primarily on "inaccurate and stigmatizing stereotypes," we find that evidence simply showing the regulation was issued as a "corrective" measure in response to a challenge by the EEOC is insufficient, in and of itself, to establish that Kentucky Retirement had a discriminatory motive when it enacted the former regulation.

Without sufficient evidence to establish proof of discriminatory motive by Kentucky Retirement, Halfhill's claim of disparate treatment under KRS 344.040 must fail. Accordingly, we reverse the Court of Appeals and reinstate the trial court's judgment in favor of Kentucky Retirement. Our decision renders moot all other issues raised by the parties.

LAMBERT, C.J., COOPER, GRAVES, JOHNSTONE, and SCOTT, J.J., concur.

ROACH, J., not sitting.

WINTERSHEIMER, J., dissents by separate opinion.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent from the majority opinion because Halfhill was denied a substantial and permanent benefit solely because of his age. Under such circumstances, the anti-discrimination provisions of KRS 344.040 were violated by 105 KAR 1:205. Thus, he was entitled to the disability retirement benefits.

The protestations by the Kentucky Retirement Systems that age was not a factor in this action are unacceptable. Halfhill was employed for 94 months, much less than the twenty years of service credit that seems to be the foundation of the eligibility argument. Halfhill was 57 years of age at the time of his application and had he been 54 years of age, he could have properly elected to receive disability retirement benefits rather than being required to accept normal retirement benefits. It is inescapable that the sole factor in determining his eligibility for unreduced retirement benefits was his age. The Franklin Circuit Court in its consideration

of this situation admits that the rule in question may have a discriminatory effect on Halfhill's situation, but that the rule does not have a discriminatory intent. This is, of course, little comfort to Halfhill.

Under all the circumstances in this matter, the decision of the Court of Appeals should be affirmed because Halfhill is entitled to disability retirement benefits.